IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN MONTIEL, 98528-279, Petitioner, | § § § | |
| | § | 3:14-CV-3679-B |
| v. | § | 3:05-CR-0313-B |
| | § | |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. In November 2005, a grand jury charged Petitioner and seven others with conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). On December 27, 2011, the jury found him guilty. On May 3, 2012, the district court sentenced him to 180 months' imprisonment followed by five years of supervised released. On March 20, 2013, the Fifth Circuit affirmed his conviction. See *United States v. Montiel*, 532 F. App'x 502 (5th Cir. 2013). On October 7, 2013, the Supreme Court denied certiorari.

In the instant petition, Petitioner argues the evidence was insufficient, he received

Page 1

ineffective assistance of counsel, his right to confrontation was violated and hearsay evidence was unlawfully admitted.

On December 11, 2014, the government filed its response arguing, *inter alia*, that the petition is time-barred. Petitioner did not file a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### 1. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255 (1). On October 7, 2013, the Supreme Court denied certiorari. Petitioner then had one year, or until October 7, 2014, to file his petition. See *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000) (stating conviction becomes final when the petition for writ of certiorari

is denied.) The petition was not received by the Court until October 14, 2014.

A prisoner's § 2254 petition is deemed filed on the date the inmate tenders the petition to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). In this case, however, Petitioner did not date his petition. His petition was received by the Court on October 14, 2014.

Petitioner's cover letter states that he filed his § 2254 petition on September 26, 2014, but it was returned to him on October 8, 2014, "along with the enclosed form that I was requested to complete." ECF No. 2 at 11. It appears Petitioner is referring to the § 2255 form.

The record shows, however, that on June 2, 2014, the Court received Petitioner's May 28, 2014, letter requesting a § 2255 form. ECF No. 485 in 3:05-CR-313-B. On that same date, the Court sent Petitioner a form letter and the § 2255 form. *Id.* After the Court sent Petitioner the § 2255 form on June 2, 2014, Petitioner did not file anything with the Court until he filed the October 14, 2014, petition. Moreover, pursuant to Fed. R. Civ. P. 5(d)(4), the Clerk's Office does not refuse to file a § 2255 petition that is not on the appropriate form. The Court finds Petitioner failed to timely file his § 2255 petition by October 7, 2014.

2.  **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case. His § 2255 motion should therefore be dismissed as barred by the one-year statute of limitations.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this ___ day of _March_, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).